UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ROSA HUERTA, as guardian Ad Litem for JANET HUERTA; SANTIAGO RAMIREZ,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; SCRIPPS HEALTH; DEAN CROMWELL, M.D.; JACK ROWLAND, M.D.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06cv1718 JM(LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION TO STATE COURT** |

Defendant United States of America moves to dismiss Plaintiff's complaint for failure to comply with the administrative claim requirements of the Federal Tort Claims Act ("FTCA"). Plaintiffs Ana Rosa Huerta, as guardian ad litem for Janet Huerta, and Santiago Ramirez oppose the motion. Defendants Scripps Health and Jack Rowland have not filed responses to the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted. The Clerk of Court is instructed to dismiss the United States as a party and to remand the action back to state court.

## BACKGROUND

On June 7, 2006 Plaintiffs commenced this medical malpractice action in San Diego Superior Court against North County Health Project, Inc., Scripps Health, Dean Cromwell, M.D., and Jack Rowland, M.D. Plaintiffs generally allege that Defendants failed to provide adequate medical care to 15 year old minor Janet Huerta and her deceased son, Santiago Ramirez.

On August 23, 2006 the United States filed both a Notice of Removal and a certification that Dr. Rowland and North County Health Project, Inc., d.b.a. North County Health Services ("NCHP") were acting within the scope of their employment. The Department of Health and Human Services has deemed NCHP and its employees to be federal employees of the Public Health Services. On September 6, 2006 the court granted the requested substitution of the United States.

## DISCUSSION

The Government moves to dismiss the complaint for failure to exhaust the mandatory administrative exhaustion requirements of the FTCA. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§233(g) - (h), the Secretary of Health and Human Services deemed NCHP and its physicians "employees" of the Public Health Service for purposes of the FTCA. Accordingly, by operation of law the Government has been substituted as a defendant in lieu of Dr. Rowland and NCHP.

Pursuant to 28 U.S.C. §2675(a), a jurisdictional prerequisite to filing an action in tort against the United States is the filing of an administrative claim with the appropriate federal agency. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). An action commenced prior to the presentment of an FTCA administrative claim to the appropriate agency is premature and must be dismissed. Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992). A prematurely filed action cannot be cured by presenting an FTCA administrative claim after the suit has been filed. McNeil v. Untied States, 508 U.S. 106, 110-113 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

Here, it is undisputed that Plaintiffs did not file an administrative claim prior to commencing this action. Plaintiffs contend that the March 8, 2006 Notice of Intent to sue provided to Defendants Rowland and NCHP pursuant to California Code of Civil Procedure section 364 satisfies the exhaustion requirement of FTCA. This argument is not persuasive.

The Notice of Intent to Sue, (Oppo. Exh. 1), provided to NCHP and Dr. Rowland did not request a sum certain. Even if the court were to construe the Notice of Intent to Sue as fairly presenting the claim to the appropriate federal agency, the Notice is inadequate as a matter of law because the failure to present an administrative claim that includes a sum certain is fatal to district

1  court jurisdiction.  See Blair v. I.N.S., 304 F.3d 861 (9th Cir. 2002) (holding that the district court had
2  jurisdiction under the FTCA to adjudicate a wage loss claim for which a sum certain was provided,
3  though it did not have jurisdiction to entertain a medical expenses claim for which no sum certain was
4  provided).  Similarly the court declines to stay this action because the court lacks jurisdiction to
5  entertain the claim.  A prematurely filed FTCA action cannot be remedied by presenting an
6  administrative claim to the agency after suit has been filed.  See McNeil, 508 U.S. at 110-113.

7  In sum, the court grants the motion to dismiss the United States as a party.  As the United
8  States is no longer a party to this action, and no other Defendant has sought to invoke federal
9  jurisdiction, the Clerk of Court is instructed to remand the action to state court.

10  **IT IS SO ORDERED.**

11  DATED:  October 31, 2006

12  _____
13  Hon. Jeffrey T. Miller
    United States District Judge

14  cc: All Parties